HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Benjamin A. Stanziale, Jr., Chapter 7 Trustee
One Gateway Center
Newark, New Jersey 07102-5386
(973) 621-9020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: JAMES McDANIEL and BERNICE McDANIEL, Debtors. | Case No. 08-23267 (MS)<br>Hon. Morris Stern<br>Chapter 7 Proceeding |
| BENJAMIN A. STANZIALE, JR., Chapter 7 Trustee for James McDaniel and Bernice McDaniel, Plaintiff,<br>v.<br>SUSETTE McDANIEL-HARRIS; KIANA HARRIS; TIFFANY McDANIEL; JERREL HARRIS; JORDAN McDANIEL; and JONATHAN McDANIEL, Defendants. | Adv. Pro. No. __________<br>Hon. Morris Stern<br>**COMPLAINT** |

Plaintiff Benjamin A. Stanziale, Jr., Chapter 7 Trustee for James McDaniel and Bernice McDaniel ("Trustee"), by way of Complaint against defendants Susette McDaniel-Harris, Kiana Harris, Tiffany McDaniel, Jerrel Harris, Jordan McDaniel and

Jonathan McDaniel ("defendants"), residing at 452 Catherine Street, Elizabeth, New Jersey, states the following:

**JURISDICTION AND VENUE**

1. On July 15, 2008, James McDaniel and Bernice McDaniel (the "Debtors") filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.

2. On July 21, 2008, the Trustee was appointed by the United States Trustee and is the duly qualified and acting trustee of the Estate of the Debtors.

3. This adversary proceeding relates to the Chapter 7 case of the Debtors.

4. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is an adversary proceeding arising under, or arising in or related to, the Debtors' bankruptcy proceedings under Title 11.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E).

6. Venue is properly in this District pursuant to 28 U.S.C. § 1409.

7. Plaintiff brings this adversary proceeding pursuant to §§ 549 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001, et seq..

**BACKGROUND FACTS**

8. At the time of the filing of the Petition on July 15, 2008, the Debtors owned a parcel of vacant land located at Block No. 57, Lot No. 35 in the Township of Millstone, County of Monmouth, State of New Jersey (hereinafter the "Property"). Nevertheless, the Debtors failed to disclose their ownership of the Property on Schedule A to the bankruptcy petition.

9. By Deed dated August 1, 2008, executed by the Debtors on August 6, 2008, the Debtors conveyed the Property to the defendants. A copy of this Deed is annexed hereto as Exhibit A. The Deed for the Property reflects that the consideration for this transfer was One ($1.00) Dollar.

10. The above-described Deed was recorded in Book OR-8734, page 9846 in the Monmouth County Clerk's Office on August 7, 2008.

**FIRST COUNT**

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 of this Complaint as if set forth at length herein.

12. The Property is property of the bankruptcy estate.

13. The transfer of the Property to the defendants was a transfer of property of the estate after the commencement of the bankruptcy case that was not authorized by the Bankruptcy Code or by this Court, and thus may be voided under 11 U.S.C. § 549(a).

14. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the defendants for the benefit of the estate the Property or the value of the Property.

WHEREFORE, the Trustee demands judgment against defendants as follows:

A. For avoidance of the transfer of the Property to defendants;

B. For recovery from defendants of the Property or the value of the Property;

C. For interest and costs of suit; and

D. For such further relief as the Court may deem equitable and just.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Benjamin A. Stanziale, Jr., Chapter 7 Trustee for James McDaniel and Bernice McDaniel

By: /s/ Bruce S. Etterman
BRUCE S. ETTERMAN
A Member of the Firm

Dated: September 26, 2008

# EXHIBIT A

AUG 0 7 2008
5

**Prepared by: Bernice McDaniel**

Bernice McDaniel

Preparer's Signature

00A0RV

# DEED

NOT CERTIFIED COPY

This Deed is made on August 1, 2008,

**BETWEEN**

JAMES McDANIEL and BERNICE McDANIEL, his wife, residing at 452 Catherine Street, Elizabeth, New Jersey referred to as the Grantor(s).

**AND**

Susette McDaniel-Harris, Kiana Harris, Tiffany McDaniel, Jerrel Harris, Jordan McDaniel, and Jonathan McDaniel, as tenants in common with unequal shares residing at 452 Catherine Street, Elizabeth, New Jersey referred to as the Grantee(s).

The transfer of ownership is as tenants in common with unequal shares as follows: Twenty-seven and sixty-five tenths percent (27.65%) to Susette McDaniel-Harris, Twenty and one tenths percent (20.1%) to Kiana Harris, Ten and five hundredths percent (10.05%) to Tiffany McDaniel, Twenty and one tenths percent (20.1%) to Jerrel Harris, Ten and five hundredths percent (10.05 %) to Jordan McDaniel, and Twelve and five hundredths percent (12.05 %) to Jonathan McDaniel.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor(s) grant and convey (transfers ownership of) the property described below to the Grantee(s). This transfer is made for the sum of *One* Dollar and 00/100 ($1.00). The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Township of Millstone, County of Monmouth, Block No. 57 Lot No. 35.

___ No property tax identification number is available on the date of this deed. (check if applicable.)

**Description of Property.** The Property consists of the land and all the buildings and structures on the land in the Township of Millstone, County of Monmouth and State of New Jersey. The Legal description is described as follows:

BEGINNING at an iron pipe at the southwesterly corner of a tract of land containing 22.63 acres, more or less, conveyed by William E. Ralph and wife to Eric Fleming and Marcy C. Fleming by deed dated October 30, 1931 and recorded in the Monmouth County Clerk's Office in Book 15'76 of Deeds, page 134, said iron pipe being distant seven hundred four and twenty-two one-hundredths (704.22) feet South eighteen degrees and forty-five minutes East (S. 18 ° 45' E.), (as measured along the westerly line of said 22.63 acre tract) from the center line of the Holmeson-Imlaystown County Highway; thence, according to magnetic bearings of July 1954, (I) South eighty nine degrees and fifty-eight minutes East (S. 89° 58' E) along the southerly property line of said tract conveyed to Eric and Mary C. Fleming, a distance of one thousand four hundred seventy-two and nine-tenths (1472.9) feet to an iron pipe at the southeasterly corner thereof in the westerly line of property conveyed by Frank Cillo and Kngeline, his wife to Gaetano Abbate and Anna, his wife, by deed dated Nov. 5, 1932 and recorded in the Monmouth County Clerk's Office in Book 1610 of Deeds, page 369;

thence (2) South sixteen degrees East (S. 16° E.) along said property line of Gaetano Abbate, a distance of two hundred eighty-nine and seventy-four one hundredths (289.74) feet to an old stone for a corner; thence (3) South fifty-one degrees West (S. 51° E.) still along Abbate's property line, a distance of one thousand four hundred seventy-one and five tenths (1471.5) feet to an old stone embedded in a large oak tree; thence (4) North eighteen degrees and forty-five minutes West (N. 18° 45" W.) along the Easterly line of property now or formerly owned by the Estate of John V. Ely, deceased, a distance of one thousand two hundred seventy-three (1273) feet to the place of BEGINNING. Containing twenty-four and eighty-eight one hundredths (24.88) acres,

Together with a right of way over adjoining property leading from the above described land to the Holmeson-Imlaystown County Highway.

Being the southerly part of the second tract described in a deed from Richard Wikoff and wife to Peter Wikoff, dated June 14, 1847 and recorded in the Monmouth County Clerk's Office in Book E5 of Deeds, page 479.

The above description is according to a survey made by Raymond S. Smith, C.E. and Land Surveyor, Freehold, New Jersey, July 21, 1954.

BEING the same lands and premises conveyed to James McDaniel and Bernice McDaniel Farnkopf by Fillmore Ivins by deed dated April 21, 1965 in Book 3405 of Deeds for said County, page 23.

NOT CERTIFIED COPY

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantors signs this Deed as of the date at the top of the first page.

Witnessed or Attested by:

[signature]

[signature: James McDaniel]
**JAMES McDANIEL**

[signature: Bernice McDaniel]
**BERNICE McDANIEL**

STATE OF NEW JERSEY )
) S.S.:
COUNTY OF )

On August 6, _____, 2008, **JAMES McDANIEL and BERNICE McDANIEL** personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a) is named in and personally signed this Deed;
(b) signed, sealed and delivered this Deed as his or her act and deed; and
(c) made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such Consideration is defined in N.J.S.A. 46:15-5)

[signature]
(Print Name and title below signature)

VIVIAN V JACKSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Feb. 18, 2013

CLAIRE FRENCH, CTY CLK
1ONMOUTH COUNTY, NJ
INSTRUMENT NUMBER
2008087181
RECORDED ON
Us 07, 2008
2:30:23 PM
DOK:OR-8734
PAGE:9846
Total Pages: 5
UNTY RECORDING $80.00
:S
TAL PAID $80.00